# UNITED STATES DISTRICT COURT

for the

Western District of Washington

Seattle Division

|  |  |
|---|---|
| John Doe | Case No. 2:22-cv-01399-TL |
| *Plaintiff* | *(to be filled in by the Clerk's Office)* |
| -v- | Jury Trial: *(check one)*  Yes ✓  ~~No~~ |
| **Revature LLC**, a Virginia corporation | |
| **Harvey Hill**, Technology Manager | |
| **Sophia Gavrila**, Lead Java Trainer | |
| **Julie Seals**, Senior Staging Manager | |
| **Chedro Cardenas**, Staging Supervisor | |
| **Benjamin Keeler**, Manager of Client Services | |
| **Olivia Kane**, Manager of Federal Contracts | |
| **Ola Ogunsanya**, HR Representative | |
| **Jalisa Johnson**, Head of HR | |
| **Adrienne Bouleris**, VP of Legal | |
| *Defendant(s)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   The Parties to This Complaint

   A.   The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

|  |  |
|---|---|
| Name | John Doe |
| Street Address | 2501 Manor Rd #216 |
| City and County | City of Austin, Travis County |
| State and Zip Code | Texas, 78722 |
| Telephone Number | 206 459 2748 |
| E-mail Address | collapsetracks@gmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

B.  The Defendant(s)

Please use the company contact information for all defendants, since the individuals listed are (or were) employees of Revature working out of the company headquarters in Reston, Virginia.

Defendant No. 1

| | |
|---|---|
| Name | Revature LLC, a Virginia company |
| Street Address | 11730 Plaza America Dr, Suite 205 |
| City and County | City of Reston, Fairfax County |
| State and Zip Code | Virginia, 20190 |
| Telephone Number | 703 260 6799 |
| E-mail Address | legal@revature.com |

Defendant No. 2

| | |
|---|---|
| Name | Harvey Hill |
| Job or Title | Manager of Technology |
| E-mail Address | harvey.hill@revature.com |

Defendant No. 3

| | |
|---|---|
| Name | Sophia Gavrila |
| Job or Title | Lead Java Instructor |
| E-mail Address | sophia.gavrila@revature.com |

Defendant No. 4

| | |
|---|---|
| Name | Julie Seals |
| Job or Title | Senior Staging Manager |
| E-mail Address | julie.seals@revature.com |

Defendant No. 5

| | |
|---|---|
| Name | Chedro Cardenas |
| Job or Title | Staging Supervisor |
| E-mail Address | chedro.cardenas@revature.com |

Defendant No. 6

| | |
|---|---|
| Name | Benjamin Keeler |
| Job or Title | Manager of Client Services |
| E-mail Address | benjamin.keeler@revature.com |

Defendant No. 7

| | |
|---|---|
| Name | Olivia Kane |
| Job or Title | Federal Account Director |
| E-mail Address | olivia.kane@revature.com |

Defendant No. 8

| | |
|---|---|
| Name | Ola Ogunsanya |
| Job or Title | Staging Supervisor |
| E-mail Address | ola.ogunsanya@revature.com |

Defendant No. 9

| | |
|---|---|
| Name | Jalisa Johnson |
| Job or Title | Head of HR |
| E-mail Address | jalisa.johnson@revature.com |

Defendant No. 10

| | |
|---|---|
| Name | Adrienne Bouleris |
| Job or Title | VP of Legal |
| E-mail Address | adrienne.bouleris@revature.com |

C.  **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | John Doe |
| Street Address | 315 Maynard Ave S #314 |
| City and County | City of Seattle, King County |
| State and Zip Code | Washington, 98104 |

**II.     Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to:

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117;

Section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793;

Section 1981 & 1983 of the Civil Rights Acts of 1866 & 1871, 42 U.S.C. §§ 1981 to 1983;

Equal Protection Clause of the U.S. Constitution, 14th Amendment, Section 2.

Additionally, arising from these claims:

RCW 9.58.010 libel, or else common law defamation;

Title 18 U.S.C. § 1001 regarding false statements, concealment.

I became employed by Revature on August 23, 2021, working remotely from my apartment in Seattle's International District and being paid Seattle minimum wage, establishing Seattle's federal courthouse in the Western District of Washington as a proper venue for discrimination complaints under federal law.

Jurisdiction is based on diversity of citizenship, federal questions, and damages exceeding $75,000.

Revature is a registered GSA contractor with the federal government.  Because Revature's contracting practices are a point of controversy in this case, parallel claims under the Rehabilitation Act and Civil Rights Acts may become appropriate.

Any of the federal statutes related to workplace discrimination may give rise to constitutional challenges, since this case may present a textbook example of why disability should be constitutionally protected in the same way as race and gender.  Accordingly, under 28 U.S.C. § 2403, the Attorney General of the United States should be notified.

This Court has supplemental jurisdiction over state law claims arising under the statutory and common law pursuant to 28 U.S.C. § 1338(b) because those claims are joined with substantial and related claims under federal law.  The Court also has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1367 because they arise from the same set of facts as the federal claims and serve the interest of judicial economy.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III.     Statement of Claim

The claims from which I am seeking relief are as follows:

1. On September 27th Harvey Hill is presumed to have disclosed information about my disability to Sophia Gavrila, my training supervisor.
2. On September 28th Ms. Gavrila began a campaign of harassment, including mocking my commitment to a mental hospital and what I took to be a masturbation joke, creating a hostile and abusive work environment lasting until the end of training in early November.
3. Ms. Gavrila has tried to conceal evidence of this harassment.
4. When I attempted to clear this up after training, Ms. Gavrila surreptitiously forwarded a series of emails from me containing information related to my disability to a group of supervisors on the "Staging Team".
5. Julie Seals and Chedro Cardenas on the Staging Team began harassing me about the emails relating to my disability on December 1st and continued until December 10th.
6. During this time I received a phone call from Benjamin Keeler, Manager of Client Services, about a non-existent job opening at a company called "Cox Auto" which I took to be another masturbation joke in response to my emails.
7. Chedro Cardenas made threats of retaliation on December 10th when I indicated I would be reporting their conduct.
8. I emailed Revature HR on December 13th asking them to get involved but they never responded.
9. On December 15th I received a request for background screening from Olivia Kane for a government contract role I was not eligible for and which was not sent to 2 of my cohorts nor anyone else I could identify.
10. During this time there were at least 2 adverse decisions made by the Staging Team regarding training referrals.
11. On January 3rd, 2022, I called Ola Ogunsanya in HR and reported the disclosures, the harassment, discrimination, and retaliatory threats but she never got back to me.
12. On January 13th, I emailed Ms. Seals to ask when she'd received my emails from Ms. Gavrila and why she hadn't contacted HR but she didn't respond.
13. Towards the end of January Mr. Cardenas again threatened me with retaliation for "putting us on the spot", making up a non-existent policy just for me.
14. After seeking legal counsel, I notified Revature HR of these allegations in writing on February 15th, 2022, indicating that I planned to sue under the ADA.  Shortly thereafter Jalisa Johnson in HR began an investigation, eventually placing me on paid leave, but failed to gather simple facts and terminated me on March 22nd, 2022, without ever meaningfully addressing the allegations.
15. The written explanation I received from Adrienne Bouleris, VP of Legal, on April 14th, 2022, indicates that most of the defendants have libeled me and that the company intends to aid and abet ADA violations with reckless indifference.


Despite Revature offering no meaningful denial of the allegations in their response, and making a number of willfully false statements in violation of 18 U.S.C. § 1001, the EEOC declined to pursue an investigation and issued right to sue on September 19, 2022 (attached).

A. The discriminatory conduct of which I complain in this action includes:

>Harassment and hostile work environment.
>
>Retaliatory threats.
>
>Adverse training and referral decisions.
>
>Disparate scrutiny of me and my background.
>
>Failure to respond adequately to repeated requests for intervention.
>
>Termination of my employment.

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

>September 28th, 2021 - March 22nd, 2022

C. I believe that defendant(s) *(check one)*:

>are **not** still committing these acts against me.  X

D. Defendant(s) discriminated against me based on my history of disability or perceived disability:

>Schizoaffective disorder, bipolar type

E. The facts of my case are as follows. Attach additional pages if needed.

1. Ms. Gavrila did commit several instances of objective harassment related to my disability between September 28th and early November, 2021.
2. Ms. Gavrila has tried to conceal evidence of her conduct.
3. On December 1st through 10th, Ms. Seals and Mr. Cardenas let me know they were in receipt of my emails to Ms. Gavrila containing information related to my disability.
4. Repeated attempts to report this activity to Revature HR starting December 13th were ignored.
5. The Staging Team made at least 2 adverse training decisions.
6. Mr. Cardenas threatened retaliation on at least 2 occasions.
7. Ms. Kane requested a background screening for a job I was not eligible for and which 2 of my cohorts did not receive.
8. I notified Revature HR of the allegations in writing on February 15th; they did not respond adequately and terminated my employment on March 22nd, 2022.
9. Ms. Gavrila, everyone on the Staging Team, and Ms. Ogunsanya, are in violation of Washington's libel statutes, after twice failing to correct false statements that have now been transmitted to the EEOC.
10. Revature has committed multiple violations of 18 U.S.C. § 1001 in their response to the EEOC.

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

>July 1st, 2022

      B.      The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on:

            September 19, 2022   .

## V.    Relief

Plaintiff prays for relief in the form of:

1. Any lost wages that accrue;
2. Front pay up to the $120,000 minimum value of the 2 year employment contract;
3. Any court costs and attorney fees;
4. Compensatory damages of at least $100,000 for emotional distress, time spent pursuing legal remedies;
5. Exemplary and punitive damages of at least $200,000 for reckless and egregious indifference;
6. At least $75,000 from each defendant found to have libeled or defamed me;

Additionally, any injunctive relief the Court deems appropriate.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

      A.      **For Parties Without an Attorney**

            I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

            Date of signing:    10/02/2022

            Signature of Plaintiff
            Printed Name of Plaintiff    John Doe

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

    **B.**    **For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____