UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN DOE,

Plaintiff(s),

v.

REVATURE LLC et al,

Defendant(s).

CASE NO. 2:22-cv-01399-TL

ORDER TO SHOW CAUSE

This matter is before the Court on the Court's own motion and the Court's October 3, 2022 minute order. Dkt. No. 3. For the reasons below, the Court ORDERS Plaintiff to SHOW CAUSE why his name should remain sealed.

## I. BACKGROUND

Plaintiff "John Doe" brings this action against Revature LLC, his former employer, and various individuals associated with Revature, based on claims of employment discrimination arising under the equal protection clause of the Fourteenth Amendment, various federal statutes, and state law for libel or defamation. Dkt. No. 5 at 4. Plaintiff alleges that he was discriminated

against based on his disabilities, listed as schizoaffective disorder and "bipolar type," including by Defendants disclosing Plaintiff's disability to his supervisor and co-workers, making jokes containing sexual innuendo, failing to respond to or take any other action in response to his complaints, and terminating his employment. *Id.* at 5–6. Plaintiff also vaguely alleges that Defendants "began harassing [him]," created a "hostile and abusive work environment," "made at least 2 adverse training decisions," and "threatened retaliation on at least 2 occasions," among other allegations. *Id.* Plaintiff seeks to recover for lost wages, "front pay" for a two-year employment contract, emotional distress and "time spent pursuing legal remedies," punitive damages, damages based on libel or defamation, and costs and fees. *Id.* at 7. The EEOC issued a notice declining to continue its investigation of Plaintiff's allegations, making no determination about its merits, and informing Plaintiff of his right to sue. Dkt. No. 6-1.

Plaintiff proceeds *pro se* (without legal representation). In support of his motion for leave to proceed *in forma pauperis*, Plaintiff attached his proposed complaint, which names Plaintiff as an anonymized "John Doe," but Plaintiff's motion for leave to proceed *in forma pauperis* and other attached exhibits use Plaintiff's full name. *See* Dkt. Nos. 1 to 1-5. On October 3, 2022, this Court issued a text-only minute order noting this discrepancy, as well as that Plaintiff has not stated whether he seeks to proceed on an anonymous basis, and directing the Clerk of the Court to temporarily maintain all filings that mention Plaintiff's name under seal, pending the resolution of the *in forma pauperis* application and the appearance of Defendants. Dkt. No. 3. Plaintiff was granted leave to proceed *in forma pauperis* afterward. Dkt. No. 4. Plaintiff has registered to electronically file in this case. Dkt. No. 7. No Defendant has yet appeared in the action.

## II. Discussion

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." This is no mere formality: A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067, 1069 (9th Cir. 2000) (reversing district court's denial of permission for plaintiffs to proceed anonymously). On the other hand, nondisclosure of a party's identity may be necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68 (quotation marks omitted) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

Therefore, a party may preserve his anonymity in a case only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. If the party fears retaliation, a court must further evaluate: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; . . . [(4)] the precise prejudice at each stage of the proceedings to the opposing party . . . [; and (5)] the public's interest in the case . . . ." *Id.* (citations omitted); *see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042–43 (9th Cir. 2010) (affirming that the anonymous plaintiffs failed to show reasonable fear of severe harm).

Relatedly, there is a strong presumption of public access to court-filed documents. Local Civil Rule ("LCR") 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Therefore, a party must show "compelling reasons" to seal records related to "dispositive" motions, which for these purposes include the complaint and supporting materials. *See, e.g.*, *Williams & Cochran, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. 17-cv-1436, 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17, 2017) ("[T]he 'compelling reasons' standard

applies because the complaint initiates the civil action."); *see also Kamakana*, 447 F.3d at 1180 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."). Even if compelling reasons are identified, a sealing order must be narrowly tailored. *Kamakana*, 447 F.3d at 1182.

Plaintiff has yet to provide any justification for keeping his name anonymous. Indeed, it is unclear that he even intends to proceed on an anonymous basis, as he has filed papers with this Court that reveal his full name. *See, e.g.*, Dkt. Nos. 6, 7. The Court must balance the strong presumption in favor of public access to judicial proceedings, including the names of parties and court filings in a given case, with the possibility of compelling reasons, such as the protection of Plaintiff from harassment, ridicule, personal embarrassment, or other injuries, that might warrant keeping Plaintiff's name and related records under seal in this case. The Court also does not know whether Defendants may suffer any prejudice as a result of keeping Plaintiff anonymous and certain records sealed, nor whether Plaintiff—who appears to have been terminated from his former employment with Revature—risks any fear of retaliation if he is named publicly.

Finally, the Court has an inherent interest in and power to manage its docket. *See, e.g.*, *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("District courts have an inherent power to control their dockets."). The Court seeks to resolve whether Plaintiff will proceed on an anonymous basis or whether certain filings should remain sealed in an efficient manner.

Accordingly, Plaintiff must inform the Court whether he intends to proceed anonymously. If so, Plaintiff show why he should be permitted to proceed anonymously and why his filings containing his real name should remain sealed. If Defendants appear after the Court's issuance of an order resolving this issue, *and* the order results in the continued anonymization of

Plaintiff or sealing of certain documents, Defendants may move to name Plaintiff or unseal any or all of the documents.

### III. CONCLUSION

Plaintiff is ORDERED to:

(1) Inform the Court **within five (5) days** of this Order whether or not he intends to proceed anonymously.

(2) Absent a timely response or if Plaintiff informs the Court that he will *not* be proceeding anonymously, all documents currently under seal shall be unsealed.

(3) If Plaintiff informs the Court that he *does* wish to proceed anonymously, Plaintiff must also SHOW CAUSE why he should be permitted to proceed anonymously, and whether and why any filing containing his name should remain sealed. Plaintiff's response may not exceed **seven (7) pages**, including any attachments, and must be filed **within fourteen (14) days** of this Order. Absent a timely response, the Court will unseal all filings.

The Court also warns Plaintiff that, if he is granted continuing permission to proceed anonymously, he will be required to follow Local Civil Rules 5(g) and 5.2 for any documents he wishes to file under seal or redact. This includes filing a motion to seal a document. If Plaintiff chooses to electronically file any papers that contain his real name rather than filing the papers under seal, such filings may be publicly accessible for an indefinite period before they are sealed.

Dated this 13th day of October 2022.

Tana Lin
United States District Judge