1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                   AT SEATTLE

10

11   JOHN DOE,                                    CASE NO. 2:22-cv-01399-TL

12                    Plaintiff(s),               ORDER
          v.

13
     REVATURE LLC et al,
14
                      Defendant(s).
15

16       This matter is before the Court on Plaintiff's motion for service of process on Defendants

17   by the U.S. Marshal. Dkt. No. 14.[1] Plaintiff also requests additional time for completing service. *Id.*

18       Plaintiff represents that he requested Defendants' waiver of service on October 19, 2022,

19   but did not receive a response. Dkt. No. 14. Under Federal Rule of Civil Procedure 4(d)(2), if a

20   domestic defendant "fails, without good cause, to sign and return a waiver requested by a

21

22   _____

23   [1] Plaintiff filed Docket No. 12 as a "Praecipe to Issue Summons by U.S. Marshal." Interpreting the *pro se* Plaintiff's
     filing liberally, the Court had initially this filing as a motion for service of summons by the U.S. Marshal. However,
     Plaintiff subsequently filed a new (and clearer) motion for service by the U.S. Marshal (Dkt. No. 14), which had to
     be corrected by praecipe for failure to include a signature (Dkt. No. 15). Therefore, the Court STRIKES Docket No. 12

24   and treats Docket No. 14 as Plaintiff's sole motion for service by the U.S. Marshal.

ORDER - 1

[domestic plaintiff], the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." This is because a defendant "has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).

Before the Court proceeds to rule on Plaintiff's motion for service by the U.S. Marshal, the Court seeks to determine whether Plaintiff's request for a waiver was in line with Federal Rule of Civil Procedure 4(d)(1), such that Defendants may be required to pay the full costs of service of process.

The Court also finds good cause to extend Plaintiff's 90-day time limit to serve process, to allow time for service of process on Defendants. *See* Fed. R. Civ. P. 4(m).

Accordingly, it is hereby ORDERED:

(1)     Plaintiff is DIRECTED to file, by **January 3, 2023**: (a) a declaration stating what documents he sent to Defendants, to whom he sent the documents (including the name and position or title of each individual), and how he sent the documents; and (b) evidence showing that the documents were sent to Defendants, if any.

(2)     Plaintiff's "praecipe to issue summons by U.S. Marshal" (Dkt. No. 12) is STRICKEN as moot.

(3)     Plaintiff's motion for service of process by the U.S. Marshal (Dkt. No. 14) is re-noted for the Court's consideration on **January 6, 2023**.

(4)     Plaintiff's deadline to serve Defendants is extended to **February 28, 2023.**

Dated this 16th day of December 2022.

_____
Tana Lin
United States District Judge

ORDER - 2