# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff(s),<br>    v.<br><br>REVATURE LLC et al,<br><br>    Defendant(s). | CASE NO. 2:22-cv-01399-TL<br><br>ORDER REFERRING TO<br>PRO BONO PANEL |

This action arises out of Plaintiff John Doe's claims of employment discrimination under the Fourteenth Amendment, the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the Civil Rights Acts of 1866 and 1871, 18 U.S.C. § 1001, and libel or defamation under Washington state law. Dkt. No. 5 at 4. This matter is before the Court on (1) Plaintiff's application for court-appointed counsel (the "Motion for Counsel") (Dkt. No. 10) and (2) the Court's own motion to consider whether Plaintiff may proceed anonymously (Dkt. No. 8). Having considered the relevant record, the Court STAYS its consideration of both motions

pending the recommendation of the Screening Committee of the Pro Bono Panel of this District on Plaintiff's Motion for Counsel.

## I. BACKGROUND

Plaintiff alleges that Defendants Revature LLC, his former employer, and various individuals associated with Revature, discriminated against Plaintiff based on his disabilities, which he identifies as schizoaffective disorder and "bipolar type." Dkt. No. 5 at 6. Before filing the action, the Equal Employment Opportunity Commission ("EEOC") sent Plaintiff a notice declining to continue its investigation of Plaintiff's allegations, making no determination about its merits, and informing Plaintiff of his right to sue. *Id.* at 7; Dkt. No. 6-1 (EEOC letter).

Plaintiff proceeds *pro se* (without legal representation) and *in forma pauperis* (as an indigent litigant). Dkt. No. 4. Plaintiff moves for court-appointed counsel, noting his *in forma pauperis* status, his efforts to retain counsel on his own, and his belief in the strength of the merits of his case. Dkt. No. 10. No Defendant has yet appeared in the action.

Plaintiff also proceeds as a "John Doe." *See* Dkt. No. 1-1. The Court ordered that all filings containing Plaintiff's actual name be sealed temporarily (Dkt. No. 3) and ordered Plaintiff to show cause why he should be permitted to proceed anonymously and whether his name should remain sealed (Dkt. No. 8). Plaintiff timely responded. Dkt. No. 11.

## II. DISCUSSION

Plaintiff asserts a claim under Title I of the ADA,[1] among others, and moves for court-appointed counsel. Dkt. No. 10. "There is no constitutional right to appointed counsel for employment discrimination claims . . . ." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). But "[u]pon application by the complainant and in such circumstances as the

---

[1] While Plaintiff does not specify an ADA provision, the Court liberally interprets his Complaint and other filings as asserting employment discrimination (which would fall under Title I of the ADA) against Defendants.

court may deem just, the court may appoint an attorney" for a plaintiff bringing claims of employment discrimination under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5(f)(1). This provision also applies to claims brought under Title I of the ADA, which relates to employment discrimination. 42 U.S.C. § 12117(a); *see also Storman v. Sacramento Reg'l Transit Dist.*, 70 F. App'x 438, 440 (9th Cir. July 3, 2003) (explaining that the appointment of counsel under 42 U.S.C. § 2000e-5(f)(1) applies to Title I of the ADA and Title VII of the Civil Rights Act of 1964). "Three factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 27 F.3d 415, 416–17 (9th Cir. 1994) (affirming district court's denial of appointed counsel in employment discrimination case); *see also Perry v. White*, No. C22-477, 2022 WL 1909020, at *1 (W.D. Wash. June 3, 2022) (Lin, J.) (denying appointed counsel for a Title VII and ADA case), *on appeal*.

      This District has adopted a General Order providing for a plan to refer *pro se* litigants in civil rights actions to the Pro Bono Panel of this District for its evaluation and potential representation of the litigants. *See* General Order 16-20 (W.D. Wash. Dec. 8, 2020). Specifically, the plan currently in effect requires the Court to assess a plaintiff's case before forwarding it to the Screening Committee for its review and recommendation as to whether the appointment of counsel might be warranted. *See id.* § 3(c). Before forwarding a case to the Screening Committee, the Court must review whether the plaintiff is financially eligible and assess the plaintiff's case to determine that it is not frivolous. *Id.*

      The two factors for considering a referral to the Screening Committee are satisfied. First, Plaintiff is financial eligible for referral to the Screening Committee, as he has been granted *in forma pauperis* status. *See, e.g.*, *Ivey*, 673 F.2d at 269 ("Plaintiff . . . clearly satisfied the

financial requisites to appointment of counsel, for the district court permitted him to proceed in forma pauperis, which requires a greater showing of indigency than is required for appointment of counsel."). Second, for the purposes of evaluating the merits of a case for appointing counsel, "the court need normally look only to a determination by an administrative agency, the EEOC [;] . . . that agency's determination is ordinarily conclusive." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1309, 1320 (9th Cir. 1981). Here, however, the EEOC did not making a determination as to the merits of Plaintiff's claims. Dkt. No. 6-1. Upon the Court's own review, the Court simply finds that Plaintiff's claims are not frivolous on their face.

Accordingly, before the Court makes its final determination under the § 2000e-5 factors, the Court will forward Plaintiff's Motion for Counsel to the Screening Committee for its recommendation as to whether the Court should appoint counsel. The Court will stay its consideration of Plaintiff's Motion for Counsel pending the consideration of the Screening Committee. The Court will address whether Plaintiff may proceed anonymously after Plaintiff's request for counsel is resolved.

### III.  CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Clerk of the Court is DIRECTED to forward the operative complaint (Dkt. No. 5), the Motion for Counsel (Dkt. No. 10), and the pleadings and documents filed to date to the Screening Committee in accordance with Section 3(c) of the District's *pro bono* referral plan. General Order No. 16-20 § 3(c).

(2) The Screening Committee is DIRECTED to review the case and make a recommendation to the Court as to whether the appointment of *pro bono* counsel is warranted in this case, in accordance with General Order 16-20, on or before **February 8, 2023**.

ORDER REFERRING TO
PRO BONO PANEL - 4

(3) Plaintiff's Motion for Counsel (Dkt. No. 10) is RENOTED for February 8, 2023.

(4) Plaintiff is reminded that his Motion for Counsel remains pending and a referral to the Screening Committee does not guarantee that *pro bono* counsel will be provided to him.

Dated this 10th day of January 2023.

Tana Lin
United States District Judge

ORDER REFERRING TO
PRO BONO PANEL - 5