1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE
10

11 JOHN DOE,                                    CASE NO. 2:22-cv-01399-TL

12                          Plaintiff(s),       MINUTE ORDER

13           v.

14 REVATURE LLC et al,

15                          Defendant(s).

16

17        The following Minute Order is made at the direction of the Court, the Honorable Tana

18 Lin, United States District Judge:

19     (1) On January 10, 2023, the Court referred Plaintiff John Doe's motion for appointed

20         counsel (the "Motion for Counsel," Dkt. No. 10) to the Screening Committee of the Pro

21         Bono Panel. Dkt. No. 22. The Committee must provide the Court with a recommendation

22         as to whether counsel should be appointed for Plaintiff by February 8. *Id.*

23     (2) Later that day, still on January 10, Defendants filed a motion to compel arbitration and

24         stay this case (the "Motion to Compel Arbitration," Dkt. No. 23) and a motion to extend

1 Defendants' time to respond to the Complaint (the "Motion to Extend," Dkt. No. 25).

2 Defendants acknowledge that Defendant Revature LLC's response to the Complaint was

3 due on January 10 and the individual Defendants' responses to the Complaint are due

4 February 19. Dkt. No. 25 at 2; *see also* Fed. R. Civ. P. 12(a)(1)(A). Defendants request

5 that their deadline to respond to the Complaint be extended to 14 days after the resolution

6 of the Motion to Compel Arbitration. Dkt. No. 25 at 3.

7  (3) Plaintiff responded the next day, objecting to an extension largely on the basis of

8 Defendants' belated request for an extension and the merits of the Motion to Compel

9 Arbitration. Dkt. No. 27 at 2–3.

10  (4) The Court agrees with Plaintiff that Defendants' delay in bringing their request for an

11 extension is not excusable. The Court requires motions for the extension of a deadline to

12 be filed *at least* three business days before the deadline and may deny, strike, or

13 otherwise ignore untimely briefs. *See* Judge Tana Lin, Standing Order for All Civil

14 Cases, Section II.G (last updated Apr. 26, 2022); *see also* Local Civil Rule ("LCR") 7(j)

15 ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in

16 advance of the deadline to allow the court to rule on the motion prior to the deadline.

17 Parties should not assume that the motion will be granted . . . ."). Defendants have

18 provided no reason, much less "a true, unforeseen emergency," *see* LCR 7(j), for why

19 they have waited until the day of their deadline to seek its extension.

20  (5) Nonetheless, the Court finds that it is appropriate to consider the Motion to Extend and

21 grant it in this particular instance. Requiring Defendants to file a response to the

22 Complaint when the Parties' dispute may be later resolved through mandatory

23

24

arbitration[1] could result in unnecessary duplication of efforts and wasted resources for all Parties and the Court. Also, Defendants may very well have to revise their response to the Complaint after the Motion to Compel Arbitration is resolved or—if the dispute proceeds to arbitration—the arbitration process concludes.

(6) Accordingly, the Court hereby ORDERS:

    (a) Defendants' Motion to Extend (Dkt. No. 25) is GRANTED.[2] Defendants' response to the Complaint is due **fourteen (14) days** after the Court's ruling on the Motion to Compel Arbitration, unless the ruling results in a stay of the case.

    (b) The case, including the Motion to Compel Arbitration (Dkt. No. 23), is STAYED. The Court will consider any motions by the Parties after the Motion for Counsel is resolved and the stay is lifted.

    (c) Defendants are CAUTIONED to abide by the rules and orders governing this litigation for the remaining duration of this litigation.

Dated this 11th day of January 2023.


                              Ravi Subramanian
                              Clerk of the Court

                              s/ Kadya Peter
                              Deputy Clerk

---

[1] The Court expresses no view on the merits of the Motion to Compel Arbitration.

[2] Plaintiff suffers no prejudice from a ruling on the Motion to Extend in advance of its noting date of January 20, given that Plaintiff has already responded to the motion. Indeed, Plaintiff has previewed that he may file a motion for default judgment tomorrow (Dkt. No. 27 at 3), and so this Order may save him time and resources.