UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE,<br><br>               Plaintiff,<br>    v.<br><br>REVATURE LLC et al,<br><br>               Defendants. | CASE NO. 2:22-cv-01399-TL<br><br>ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL |

This is an employment discrimination case arising under the Americans with Disabilities Act of 1990 and other causes of action. Dkt. No. 5 at 4. The matter comes before the Court on Christopher Fargo-Masuda's Motion for Leave to Withdraw as Counsel. Dkt. No. 41. Having considered the relevant record, the Court GRANTS the motion.

I. **BACKGROUND**

Plaintiff John Doe initially filed his complaint *pro se*, or without legal representation. Dkt. No. 1. Plaintiff then moved for court-appointed counsel. Dkt. No. 10. The Court appointed Christopher Fargo-Masuda as *pro bono* counsel on March 15, 2023. Dkt. No. 33.

On May 3, 2023, Mr. Fargo-Masuda moved for leave to withdraw from representing Plaintiff as his counsel. Dkt. No. 41. Mr. Fargo-Masuda represents that he received an email from Plaintiff requesting the "immediate withdrawal" of Mr. Fargo-Masuda, presumably as counsel to Plaintiff. *Id.* This email was followed by a video call on the same date, in which Plaintiff renewed his request. *Id.* Mr. Fargo-Masuda states that he is "convinced that continued representation is untenable." *Id.*

Defendants have not responded to the motion. No scheduling order has issued yet.

## II.   DISCUSSION

This motion to withdraw is governed by Local Civil Rule ("LCR") 83.2 and the Rules Governing the Pro Bono Panel in the Western District of Washington.

**A.   Local Civil Rule 83.2**

Pursuant to LCR 83.2, "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court" if the withdrawal would leave litigant unrepresented. *See* LCR 83.2(b)(1)–(3).

As an initial matter, Mr. Fargo-Masuda's motion meets the technical requirements of LCR 83.2: Namely, the motion includes a certification that both his client and opposing counsel were served with the motion, and the motion includes contact information for Plaintiff. Dkt. No. 41; *see* LCR 83.2(b)(1).

Mere technical compliance with the rule, however, does not guarantee counsel will be permitted to withdraw. *Putz v. Golden*, No. C10-0741, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). It is within the district court's broad discretion to grant or deny a motion to withdraw as counsel. *Id.*; *see also LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing district court's denial of motion to withdraw for abuse of discretion).  In exercising their discretion, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the

prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Putz*, 2012 WL 13019202, at *3. Also, an attorney will "ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case." LCR 83.2(b)(1).

Here, the circumstances weigh in favor of granting the motion. First, the reason for seeking the withdrawal is that Mr. Fargo-Masuda has been discharged as Plaintiff's counsel, which weighs strongly in favor of granting the motion. Courts in this District consider a lawyer effectively discharged when a party no longer wishes to be represented by that lawyer, as is the case here. *See, e.g.*, *Washington v. Starbucks Corp.*, No. C08-1144, 2009 WL 10675531, at *1 (W.D. Wash. May 18, 2009). Indeed, the Washington Rules of Professional Conduct *require* a lawyer to withdraw from representation if that lawyer has been discharged. Wash. Rules of Prof'l Conduct R. 1.16(a)(3). Second, there is no risk of prejudice to other litigants. The motion is unopposed, indicating that Defendants do not perceive a detriment to their ability to litigate. *See Jinni Tech, Ltd. v. RED.com, Inc.*, No. C17-0217, 2019 WL 2578591, at *3 (W.D. Wash. June 24, 2019) (noting that no party has opposed the withdrawal of counsel at issue or claimed prejudice). Finally, there is no evidence that withdrawal will either have an adverse impact on the administration of justice or cause a delay to the resolution of the case. There is no date set for the close of discovery, leaving the Parties with plenty of time to conduct discovery. *See United States v. Centene Corp.*, No. C21- 1542, 2022 WL 17403447, at *2 (W.D. Wash. Dec. 2, 2022) (granting withdrawal of counsel where case was still in its early stages).

**B.     Pro Bono Panel Rules**

Because Mr. Fargo-Masuda was appointed from the Pro Bono Panel for the Western District of Washington (*see* Dkt. No. 33), he must also meet the requirements of the rules governing the Pro Bono Panel. *See* Rules Governing Pro Bono Panel (effective Mar. 16, 1990),

https://www.wawd.uscourts.gov/sites/wawd/files/ProBonoRules.pdf [hereinafter "Pro Bono Panel Rules"]. Here, relieving Mr. Fargo-Masuda from his appointment is appropriate under the Pro Bono Panel Rules.

Rule 2(a) permits an attorney to be relieved of his or her appointment as *pro bono* counsel on the basis of, among others, "a personal incompatibility" or "a substantial disagreement . . . on litigation strategy" between the attorney and the party. Pro Bono Panel Rule 2(a). Mr. Fargo-Masuda's representation that he was essentially discharged from his representation by his client and that he believes "continued representation is untenable" (Dkt. No. 41) indicate that at least one or both of these grounds are satisfied here.

Rule 2(b) requires *pro bono* counsel to first inquire whether other attorneys associated with their business or partnership are able to serve in their place. However, Mr. Fargo-Masuda's registration with the Washington State Bar Association reflects that he is a sole practitioner and so does not have that option.[1] *See Legal Profile: Christopher GM Fargo-Masuda Esq*, Wash. State Bar Ass'n, https://www.mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000052090 (last updated Jan. 31, 2023 8:00 a.m.) [https://perma.cc/P3UN-YUGH]. Thus, Rule 2(b) does not apply to Mr. Fargo-Masuda.

Rule 2(c) requires appointed counsel to move for withdrawal within 20 days of receiving the appointment or, with good cause, within an additional period permitted by the Court. Rule Governing Pro Bono Panel 2(c). Mr. Fargo-Masuda presents good cause for his delay in seeking relief from his appointment, as his motion was prompted by his client's request of "immediate

---

[1] The Court may take judicial notice of public facts that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting courts may take judicial notice of public websites).

withdrawal," which came about a month after the 20-day deadline. Dkt. No. 41. Mr. Fargo-Masuda moved for withdrawal promptly, on the same day. *Id.* Therefore, his motion is timely.

Finally, if Mr. Fargo-Masuda is permitted to withdraw as *pro bono* counsel, the Court may refer the party back to the Screening Committee of the Pro Bono Panel or permit the party to proceed *pro se*, without legal representation. Pro Bono Panel Rule 2(d). Here, the Court and the Pro Bono Panel have already expended significant resources searching for *pro bono* counsel for Plaintiff, and one was only found after over a month of searching. *See* Dkt. Nos. 32, 33. From a cursory glance at Mr. Fargo-Masuda's work in his brief tenure as Plaintiff's counsel, Mr. Fargo-Masuda appears to have been a capable lawyer, with no indication of any issues in his representation that would be cured by different *pro bono* counsel. The Court finds that further delay of this litigation by re-referring Plaintiff to the Pro Bono Panel is not warranted. Plaintiff will be permitted to proceed *pro se*, unless he is able to obtain counsel on his own.

### III.   CONCLUSION

Accordingly, the Court GRANTS Mr. Fargo-Masuda's motion to withdraw as counsel (Dkt. No. 41). The Clerk is DIRECTED to send a copy of this Order to Plaintiff at the mailing address and email address provided in Mr. Fargo-Masuda's motion. Dkt. No. 41.

Dated this 9th day of June 2023.

Tana Lin
United States District Judge

ORDER GRANTING MOTION
FOR LEAVE TO WITHDRAW AS
COUNSEL - 5