UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>REVATURE LLC et al,<br><br>　　　　　　　　Defendants. | CASE NO. 2:22-cv-01399-TL<br><br>ORDER ISSUING STAY |

This matter is before the Court on its own motion, upon review of the record.

The Court recently denied Plaintiff "John Doe" leave to proceed anonymously and dismissed the complaint. Dkt. No. 50 at 18. The Court provided Plaintiff with the choice to amend the complaint and proceed under his actual name or to abandon the lawsuit and keep his identity anonymous. *Id.* Plaintiff has filed a notice of appeal to the U.S. Court of Appeals to the Ninth Circuit, appealing this decision. Dkt. No. 23. A dismissal with leave to amend ordinarily cannot be appealed. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). However, a dismissal based on a party's anonymity, where amendment would force the

ORDER ISSUING STAY - 1

party to name itself and lose the opportunity to seek the Court of Appeals' review of the anonymity issue, can be appealed under the collateral order doctrine. *See Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1065–67 (9th Cir. 2000) (holding it has jurisdiction over appeal of denial of anonymity where requiring an amended complaint first would force plaintiffs to name themselves).

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) ("Courts have the power to consider stays *sua sponte*."). Currently, Plaintiff's deadline to amend the complaint (August 17, 2023) and Defendants' deadline to update their pending motion to compel arbitration (fourteen days after the amended complaint) are pending. Dkt. No. 50 at 19–20. To avoid a potential conflict with the Ninth Circuit on Plaintiff's anonymity issue, limit any prejudice to the Parties, and generally promote an orderly proceeding in this litigation, a stay of these pending deadlines is appropriate.

Accordingly, the Court hereby STRIKES the current deadlines, including the noting date for the motion to compel arbitration (Dkt. No. 23), and STAYS this matter. The Court will consider setting new deadlines upon the resolution of Plaintiff's pending appeal or by Parties' motion.

Dated this 25th day of July 2023.

Tana Lin
United States District Judge

ORDER ISSUING STAY - 2