1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br> v.<br><br>REVATURE LLC et al,<br><br>      Defendants. | CASE NO. 2:22-cv-01399-TL<br><br>ORDER DENYING SECOND<br>MOTION TO AMEND |

This case returns to this Court after a 15-month detour to the Ninth Circuit where, ultimately, nothing was argued and nothing resolved. Pending before the Court is Plaintiff's Motion For Leave To File A Newly Amended Complaint. Dkt. No. 57. Having considered the motion, Defendants' response (Dkt. No. 59), Plaintiff's reply (Dkt. No. 60), and the relevant record, the Court DENIES the motion.

## I.    BACKGROUND

The Court provided a detailed recitation of this case's substantive and procedural history in its July 18, 2023, Order and will not duplicate it here. *See* Dkt. No. 50 at 2–4. In summary, on October 5, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint for

employment discrimination against Defendant Revature LLC, his former employer, and nine

Revature employees. Dkt. No. 5. In that complaint, Plaintiff identified himself as "John Doe." *Id.*

at 1. On April 24, 2023, Plaintiff, still proceeding under the pseudonym John Doe, filed a Motion

for Leave to Amend Complaint. Dkt. No. 37. Plaintiff withdrew this motion, then re-filed it on

June 5, 2023. Dkt. Nos. 42, 48.

On July 18, 2023, the Court issued an order that, *inter alia*, denied Plaintiff leave to

proceed anonymously. Dkt. No. 50. Plaintiff subsequently appealed that decision to the Ninth

Circuit (Dkt. No. 51), and this Court stayed the case and struck all pending deadlines, noting that

it would consider setting new deadlines upon the resolution of the appeal or by Parties' motion

(Dkt. No. 52). On July 24, 2023, the Court of Appeals docketed the case and entered a briefing

schedule. Dkt. No. 53. On September 24, 2024, while Plaintiff's appeal was pending before the

Court of Appeals, the Ninth Circuit determined that "the appointment of pro bono counsel would

benefit the court's review in this appeal." Dkt. No. 55. But before that could happen, Plaintiff

dismissed his appeal, and the Ninth Circuit returned the case to this Court. Dkt. No. 56. On

October 29, 2024, Plaintiff filed the instant Second Motion to Amend.

## II.    PRELIMINARY MATTER

Although the motion is captioned as a "Motion For Leave To File A Newly Amended

Complaint" (Dkt. No. 57 at 1), Plaintiff concedes that it "is in effect a request for reconsideration

of the Court's Order of July 18, 2023, on anonymity." Dkt. No. 60 at 1. As an initial matter,

motions to reconsider must be "plainly labeled as such" and filed within 14 days of the order in

question. LCR 7(h)(2). Plaintiff's request for reconsideration is thus procedurally deficient and

untimely.

Further, in response to a point in Defendant's opposition brief, Plaintiff attached a

proposed amended complaint to his reply brief that substantively modifies the operative

complaint in this case by naming new defendants and adding new claims. *See* Dkt. No. 60-1 at 2. There are two issues with this. First, Local Civil Rule 15(a) requires that "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion." Second, parties are generally not permitted to raise new arguments in a reply brief, largely because that deprives the opposing party of an opportunity to respond. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court's refusal to consider an argument raised for the first time in reply). Plaintiff's attachment of a proposed amended complaint could be considered "a reasonable response to points made in the [opposing party's] answering brief," *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1106 n.14 (9th Cir. 2013), but his inclusion therein of new claims, parties, and legal theories nevertheless leaves Defendants without an opportunity to brief the Court on their view of the propriety of the proposed amendments.

Even so, the Court will consider the amended complaint this time and will consider Plaintiff's motion under Federal Rule of Civil Procedure 15, which governs amended pleadings. Plaintiff is cautioned, however, that "[i]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Future violations may result in the imposition of sanctions, including the striking of noncompliant filings. *See Owens v. King Cnty.*, No. C24-453, 2024 WL 4979821, at *2 (W.D. Wash. Dec. 4, 2024); *Mohamed v. Full Life Care*, No. C22-1010, 2022 WL 17730034, at *1 (W.D. Wash. Dec. 16, 2022).

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." This is a liberal standard, and a court should decline to grant leave to amend only if there is strong evidence of undue delay, bad faith,

1   prejudice to the opposing party, or futility. *See, e.g.*, *Sonoma Cnty. Ass'n of Retired Emps. v.*

2   *Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (internal quotation

3   marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### IV.   DISCUSSION

5       Here, Plaintiff seeks leave to amend his complaint, "[o]wing to a change in

6   circumstances." Dkt. No. 57 at 1. The "change in circumstances" appears to be that, because of

7   the delay caused by Plaintiff's aborted appeal to the Ninth Circuit, at least two individuals

8   allegedly responsible for the complained-of conduct are no longer employed by Defendant

9   Revature. *Id.* at 2. Plaintiff appears to assert that, unless these (and, apparently, other,

10  employees) are named as individual defendants, their participation in this case could not be

11  compelled without a subpoena. *Id.* This is not the only amendment that Plaintiff seeks to make.

12  As clarified in his reply, in addition to adding six new defendants, Plaintiff also seeks to add new

13  claims brought under the Rehabilitation Act of 1973, as well as a state-law fraud claim. *See* Dkt.

14  No. 60-1 at 1. Finally, Plaintiff seeks to prosecute his case under a pseudonym, "J.E. Pendleton."

15  Dkt. No. 57 at 2; *see also* Dkt. No. 60-1.

16      All of these amendments—the new defendants, new claims, and new name—contravene

17  a prior court order. On July 18, 2023, in denying Plaintiff's request to proceed pseudonymously,

18  the Court instructed Plaintiff that if he were to file an amended complaint in this case, it would

19  need to be identical to a previously submitted proposed amended complaint (Dkt. No. 48-1), but

20  with Plaintiff's real name substituted for John Doe in the caption. *See* Dkt. No. 50 at 18–19 ("[I]f

21  Plaintiff decides to file an amended complaint, Plaintiff must *only* file the amended complaint

22  attached as a proposed complaint to his motion to amend, except that his name must now

23  preplace the pseudonym, 'John Doe.'" (emphasis in original)).

24

For their part, Defendants urge the Court to deny Plaintiff's motion and, going further, argue that Plaintiff's case should be dismissed with prejudice. Dkt. No. 59 at 1. Plaintiff's conduct, Defendants argue, "is the epitome of bad faith." *Id.* at 4. Yet while the Court sympathizes with Defendants, it does not agree with Defendants that Plaintiff has rendered his case procedurally or prudentially unsalvageable.

Plaintiff has disobeyed a court order, but the Court finds that he has not acted in bad faith. In his motion, Plaintiff seeks to identify himself by a pseudonym that "us[es] the initials and surname of his current and former legal names." Dkt. No. 57 at 2. Plaintiff asserts that "keeping his current given name out of the case caption alone should offer some degree of future protection from the workplace difficulties complained of here." *Id.* This is an issue that the Court exhaustively considered and clearly adjudicated in its prior order. *See* Dkt. No. 50 at 17. As the Court stated then, "Plaintiff has not shown any special circumstances to justify anonymity. Plaintiff has chosen to proceed in this litigation and must accept that, in conjunction with that process, his name will be made publicly available." *Id.* It is also an issue that Plaintiff asked the Ninth Circuit to consider, and for which the Ninth Circuit took steps to appoint Plaintiff pro bono counsel, only to have Plaintiff abruptly dismiss his appeal and bring all those concerned back to the starting line. *See* Dkt. Nos. 55, 56. The Court finds that if Plaintiff truly wanted to proceed here as "J.E. Pendleton," then he might have properly seen things through at the Court of Appeals, not short-circuit those proceedings and substitute his own judgment for both this Court's and that of the Ninth Circuit. Still, a party's flouting of a court order is not necessarily bad faith and, given the record before it, the Court cannot ascribe improper motives to Plaintiff's conduct. *See Guerra v. United States*, 75 F. Supp. 3d 1276, 1281 (W.D. Wash. 2014) (holding that "an improper purpose or intent" turns "willful improper conduct" into bad faith).

As to prejudice and delay, the prejudice that Defendant asserts will result from giving Plaintiff leave to amend—the "possibl[e] dimm[ing]" of "witness recollections" and the separation from Revature of at least two relevant individuals, *see* Dkt. No. 59 at 4 n.2—affects Plaintiff and Defendants equally, and the Court finds that one more month of stasis will not unfairly pile more onto one Party than the other. *See United States v. Pagan*, No. CR14-684-18, 2016 WL 5508779, at *3 (C.D. Cal. Sept. 26, 2016) ("The general risk of lost evidence and fading memories affects all parties to this case."). Further, while chronologically old, the case is procedurally young and is still in its beginning stages. Therefore, the Court will afford Plaintiff one final opportunity to file an amended complaint that comports with prior orders, the Federal Rules of Civil Procedure, and this District's Local Civil Rules.

But the Court provides two warnings as to any amendments. First, the Court cautions Plaintiff that naming individual defendants solely because their participation in this case could not be compelled without a subpoena is an insufficient reason for inclusion as a party. A plaintiff must plead "specific factual allegations showing . . . the defendants' participation in the alleged [misconduct]." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see, e.g.*, *Theriot v. Pierce Cnty. Gov't Officers*, No. C10-5696, 2010 WL 5394812, at *1 (W.D. Wash. Dec. 27, 2010). It is inappropriate for Plaintiff to identify someone who is merely a witness as a defendant for the purpose of evading the requirements of Federal Rule of Civil Procedure 45 ("Subpoena"). *See Prayed v. Alaska R.R. Corp.*, No. C17-36, 2019 WL 13241629, at *3 (D. Alaska May 23, 2019) (finding it proper to dismiss party that "is a witness, not a defendant," and against whom plaintiffs "have not alleged . . . participat[ion] in any wrongdoing"). Second, while Plaintiff need not file a complaint "identical" to that submitted at Docket No. 48-1, he must abide by the Court's prior order and prosecute the case under his actual name.

## V.    CONCLUSION

Accordingly, the Court ORDERS as follows:

(1)    Plaintiff's Second Motion to Amend (Dkt. No. 57) is DENIED.

(2)    If Plaintiff files a Third Motion to Amend, he SHALL do so no later than **January 15, 2025.** Plaintiff must use his real name in the caption of any proposed amended complaint.

Dated this 16th day of December 2024.

Tana Lin
United States District Judge