UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOCHEN E. PENDLETON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>REVATURE LLC et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:22-cv-01399-TL<br><br>ORDER ON PARTIAL MOTION TO DISMISS |

This is an employment-discrimination action brought under the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, the Civil Rights Act of 1871, the Washington Law Against Discrimination, and Washington tort law and contract law. This matter is before the Court on Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint (Dkt. No. 66). Dkt. No. 72. Having reviewed the motion, Plaintiff's response (Dkt. No. 73), Defendants' reply (Dkt. No. 76), and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

### A. Parties

Plaintiff Jochen E. Pendleton is proceeding pro se. Plaintiff was employed by Defendant Revature LLC as an Associate Software Developer between August 23, 2021, and March 22, 2022. Dkt. No. 66 at 1. During the time period relevant to this complaint, Plaintiff was a resident of Seattle, Washington. *Id.* ¶ 3.

Defendants are Revature LLC, a Virginia corporation that provides "software development services" under a federal contract, and nine Revature employees: Harvey Hill, Sophia Gavrila, Chedro Cardenas, Julie Seals, Benjamin Keeler, Olivia Kane Alford, Ola Ogunsanya, Jalisa Johnson, and Adrienne Bouleris (the "Defendant employees"). *Id.* ¶¶ 4–14.

### B. Relevant Facts

Defendants' motion seeks to dismiss only two of Plaintiff's six causes of action—"[d]efamation and false light" (*id.* ¶¶ 93–94) and "[c]onspiracy to obstruct justice and interfere with civil rights" (*id.* ¶¶ 95–96). The Court will therefore limit its discussion here to the facts relevant to these two claims.[1] *See* Dkt. No. 72 at 2 (opting not to detail Plaintiff's harassment and discrimination claims with specificity, because "they are not relevant to this motion"). The claims at issue in the instant motion relate to Defendants' conduct *after* Plaintiff complained about employment discrimination to the Equal Employment Opportunity Commission ("EEOC"). *See* Dkt. No. 66 ¶¶ 81–84, 93–96. The Court will therefore only briefly summarize the alleged discrimination that led Plaintiff to complain to the EEOC.

---

[1] Although Plaintiff has pleaded defamation and false light together as a single cause of action, they are two separate, albeit similar, tort claims. *See Eastwood v. Cascade Broad. Co*, 106 Wn.2d 466, 469, 722 P.2d 1295 (1986); *see also Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005) (elements of defamation); *Seaquist v. Caldier*, 8 Wn. App. 2d 556, 564, 438 P.3d 606 (2019) (elements of false light).

Plaintiff, who represents that he "was previously diagnosed with schizoaffective disorder" (Dkt. No. 66 ¶ 15), alleges that, while employed at Defendant Revature, he was subjected to various forms of discrimination, including improper disclosure of his medical condition, harassment, reprisal/retaliation, and termination (*see generally id.*). Plaintiff first addressed the alleged discriminatory conduct by bringing it up directly with the alleged harassers. *See id.* ¶¶ 39–40. Plaintiff engaged in correspondence and conversation with various Defendant employees, but he alleges that this served only to perpetuate the alleged mistreatment. *See id.* ¶¶ 41–44. On December 13, 2021, upon determining that "he was unlikely to receive fair treatment at Revature without some intervention," Plaintiff contacted "HR" and advised that he was "having an issue with [his] former trainer that has now spilled over to the staging team." *Id.* ¶ 45. Plaintiff "request[ed] mediation." *Id.* Plaintiff did not receive a response to his report until on or about February 15, 2022. *Id.* ¶¶ 45, 66–67.

Although Plaintiff's narrative is not entirely clear about the sequence of events that followed his contacting HR, it appears that in February and March 2022, Plaintiff had discussions with various Defendant employees regarding his allegations of harassment. *See id.* ¶¶ 69–76. Then, on March 22, 2022, Plaintiff was terminated. *Id.* ¶ 77. On March 25, 2022, Plaintiff contacted Defendant Revature's legal department to share his opinion that the company's investigation into his harassment allegations had been inadequate, and that various Defendant employees had engaged in an "obvious coverup." *Id.* ¶ 78.

In or around June 2022, Plaintiff filed an administrative complaint of disability-based discrimination with the EEOC's field office in Washington, D.C. *Id.* ¶ 81. On August 22, 2022, Defendant Revature, through counsel, submitted the company's response to Plaintiff's allegations to the EEOC. *Id.* ¶ 82. According to Plaintiff, this response "ma[de] several deliberately false and misleading statements attributable to all Defendants and contain[ed] no

meaningful denial of any of the central allegations" of his administrative complaint. *Id.* On September 4, 2022, Plaintiff contacted "all Defendants" and advised them that Defendant Revature's statement to the EEOC "could be felony obstruction of justice and [that] they should seek outside legal advice." *Id.* ¶ 83. Plaintiff also made "two lengthy rebuttals" to Defendant Revature's statement to the EEOC. *Id.* ¶ 84. On September 19, 2022, the EEOC advised Plaintiff that it was "declining to investigate" the matter and issued Plaintiff a right-to-sue letter. *Id.*

## II. LEGAL STANDARD

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule 12(b)(6), "'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

## III. DISCUSSION

### A. Preliminary Matters

Plaintiff argues that, as a pro se litigant, his pleadings should be examined under "the old 'no set of facts' standard of notice pleading from *Conley v. Gibson*, [355 U.S. 41] (1957)." Dkt.

No. 73 at 1. Plaintiff is mistaken in as much as he suggests that the Court set aside *Twombly* and *Iqbal* here. "[A]lthough a court must construe a pro se complaint liberally, that does not relieve the pro se plaintiff from the need to plead specific facts establishing the elements of a cause of action." *Martin v. Bank of Am.*, No. C11-452, 2012 WL 1409308, at *1 (E.D. Wash. Apr. 23, 2012) (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Indeed, both the United States Supreme Court and the Ninth Circuit have applied the *Twombly* and *Iqbal* pleading standards to cases brought by pro se litigants. *See, e.g.*, *Pitre v. Cain*, 562 U.S. 992 (2010) (Sotomayor, J., dissenting); *Chambers v. C. Herrera*, 78 F.4th 1100, 1103–04 (9th Cir. 2023); *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022). Supreme Court and Ninth Circuit precedent on Rule 12(b)(6) motions, including the application *Twombly* and *Iqbal*, will thus govern the Court's consideration of the pleading standard for Defendants' motion.

Plaintiff also notes that Defendants did not "certify attempts to confer before filing [their] Rule 12(b) motion," as required by the Court's Standing Order for All Civil Cases. Dkt. No. 73 at 2. Defendants concede that "through inadvertency," they "failed to conduct a meet and confer conference with Plaintiff prior to filing this Rule 12(b)(6) motion." Dkt. No. 76 at 1 n.1. In its January 31, 2025, Order, the Court advised the Parties that they are "expected to abide by the requirements set forth in the Local Rules and General Orders as well as in [the undersigned's] Chambers Procedures." Dkt. No. 71 at 2 (boldface removed). And just one month ago, in their Joint Status Report, the Parties certified that they had reviewed the Court's procedures. Dkt. No. 77 ¶ 19. Defendants are hereby reminded of their obligation and advised again that any future failure to follow Chambers' procedures may result in the imposition of sanctions. *See* Dkt. No. 71 at 2.

*    *    *

The Court will address Plaintiff's allegations of defamation, false light, and conspiracy in turn.

**B.    Defamation**

In Washington, the elements of a defamation claim are "falsity, an unprivileged communication, fault, and damages." *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005). Defendants focus on the second element in their motion, arguing that Plaintiff's claim fails as a matter of law because Plaintiff has not pleaded—and, indeed, cannot plead—that the allegedly defamatory statements were unprivileged. *See* Dkt. No. 72 at 4. The Court agrees.

"Statements made during the course of and relevant to the proceedings of an administrative agency acting in a quasi-judicial manner are absolutely privileged." *Hurst v. Farmer*, 40 Wn. App. 116, 117, 697 P.2d 280 (1985), *review denied* 103 Wn.2d 1038. Further, the Ninth Circuit has described determinations made by the EEOC as "quasi-judicial," *Loc. No. 104, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. E.E.O.C.*, 439 F.2d 237, 239 (9th Cir. 1971), and district courts in the Ninth Circuit have repeatedly found that EEOC proceedings are quasi-judicial. *See, e.g.*, *Dubric v. A Cab LLC*, No. C15-2136, 2016 WL 1449605, at *2 (D. Nev. Apr. 12, 2016); *Collins v. Reg'l Transp. Comm'n of S. Nev.*, No. C14-854, 2014 WL 7330943, at *2 (D. Nev. Dec. 19, 2014); *Allcare Dental Mgmt., LLC v. Zrinyi*, No. C08-407, 2009 WL 262112, at *2 (D. Idaho Feb. 4, 2009). Thus, Defendant Revature's statements to the EEOC were absolutely privileged. Under Washington law, they cannot serve as the basis for a defamation claim.

For his part, Plaintiff asserts that the Washington Court of Appeals decided *Hurst* wrongly. *See* Dkt. No. 73 at 2–3. Plaintiff's argument misses the mark—right or wrong, *Hurst* is the law in this jurisdiction. Irrespective of Plaintiff's opinion regarding the state Court of Appeals's work, when it comes to issues of state law, this Court "must follow intermediate

appellate decisions unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Ogden Martin Sys., Inc. v. San Bernardino County, Cal.*, 932 F.2d 1284, 1288–89 (9th Cir. 1991). Such data must be especially persuasive where, as here, the state supreme court has refused to review the intermediate appellate court's decision. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1069 (9th Cir. 2020) (citing *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)); *Hurst*, 103 Wn.2d 1038 (1985) (denying petition for review).

"Persuasive data" that a state supreme court might see things differently than an intermediate appellate court could be, among other things, statutory text, *Am. Tower Grp. v. City of San Diego*, 763 F.3d 1035, 1047 (9th Cir. 2014); a conflicting state supreme court decision on a similar issue, *Hayes v. County of San Diego*, 658 F.3d 867, 872 (9th Cir. 2011); a demonstration that the decision at issue deviates from a "cardinal" rule of statutory construction, *Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998, at *3 (9th Cir. Sept. 5, 2023); or a conflicting decision from a different jurisdiction, *Van v. LLR, Inc.*, 523 F. Supp. 3d 1077, 1082 (D. Alaska 2021). None of that exists in this case. Here, Plaintiff simply criticizes the *Hurst* decision and does not present "persuasive data" that the Washington Supreme Court would have decided the matter differently. Plaintiff's argument is particularly unconvincing given that court's decision not to review *Hurst* when it was petitioned to do so. *See Hurst*, 103 Wn.2d at 1038. Furthermore, the Court is convinced that persuasive data indicate that, had it considered the matter, the Washington Supreme Court would have affirmed the *Hurst* decision. In discussing the issue of common-law privilege, the Washington Supreme Court cited *Hurst* for the proposition that "statements made to EEOC in course of investigation [are] absolutely privileged." *Richmond v. Thompson*, 130 Wn.2d 368, 383 n.7, 922 P.2d 1343 (1996). Although the point was tangential to the *Richmond* case, the state supreme court nevertheless expressed support for the *Hurst* court's view that statements made to the EEOC are privileged. Here, then,

ORDER ON PARTIAL MOTION TO DISMISS - 7

the Court is not compelled to question *Hurst* and is bound by that decision, as it exists. Defendant Revature's statement to the EEOC was absolutely privileged and cannot form the basis of a defamation claim.

Therefore, Plaintiff's claim for defamation is DISMISSED.

### C.  False Light

False light is an invasion-of-privacy tort. *See Seaquist v. Caldier*, 8 Wn. App. 2d 556, 564, 438 P.3d 606 (2019) (stating Washington's "recogni[tion] [of] invasion of privacy by false light as an independent claim"). "A false light claim arises when someone publicizes a matter that places another in false light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed." *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 470–71, 722 P.2d 1295 (1986) (citing Restatement (Second) of Torts § 652E (1977)). Defendants argue that Plaintiff's false light claim must be dismissed for two reasons. First, Defendants assert that, like defamation, a claim for false light cannot hold up if the statements that provide its basis were absolutely privileged. Dkt. No. 72 at 4–5. Second, Defendants argue that the statements were not sufficiently "publicized," because they were "simply conveyed to the EEO investigator." *Id.* at 5.

The Court agrees with both of Defendants' arguments. As to the first, a claim of false light cannot be sustained where the alleged basis for the claim consists of absolutely privileged statements. *See 3M Co. v. AIME LLC*, No. C20-1096, 2021 WL 5824376, at *12 (W.D. Wash. Dec. 8, 2021) (simultaneously dismissing claims for defamation and false light where statements at the basis of the claims were absolutely privileged). Plaintiff's false light claim is thus deficient for the same reason as his defamation claim. *See supra* Section III.B.

As to the second, "Publicity for the purposes of invasion of privacy means communication to the public at large so that the matter is substantially certain to become public knowledge. . . . Communication to a single person or a small group does not qualify." *Purcell v. Am. Legion*, 44 F. Supp. 3d 1051, 1061 (E.D. Wash. 2014) (quoting *Fisher v. State ex rel. Dep't of Health*, 125 Wn. App. 869, 879, 106 P.3d 836 (2005)) (cleaned up). Here, Defendant Revature's statements were not publicized; rather, they were made in a position statement addressed to the EEOC. *See* Dkt. No. 66 ¶ 82. Given the confidentiality provisions that govern EEOC investigations, it is not reasonable to conclude that Defendant Revature's statements about Plaintiff's EEO complaint were "substantially certain to become public knowledge." *See* 42 U.S.C. §§ 2000e-5(b), 2000e-8(e), 12117. The statements were not publicized and, therefore, do not constitute an invasion of privacy.

Therefore, Plaintiff's claim for false light is DISMISSED.

**D.    Conspiracy to Interfere with Civil Rights**

Plaintiff alleges violations of the Civil Rights Act of 1871, also known as the Ku Klux Klan Act, 42 U.S.C. §§ 1985(2), 1985(3), and/or 1986. Dkt. No. 66 ¶ 95. The statutes comprise several different causes of action, which the Court will discuss in turn.

**1.    Section 1985(2)**

"Section 1985(2) contains two causes of action. "The first clause of [S]ection 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith." *Herrick v. Strong*, No. C15-5779, 2016 WL 4755683, at *17 (W.D. Wash. Aug. 22, 2016) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.3 (9th Cir. 1985)). "The second clause of [Section] 1985(2) provides a cause of action: if two or more persons conspire for the purposes of impeding . . . the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." *Id.* (quoting 42 U.S.C.

§ 1985(2)). "To state a claim under [Section] 1985(2)'s second clause, a plaintiff must allege he is a member of a class which suffers from invidious discrimination and the defendant's acts were motivated by animus towards [*sic*] that class." *Id.* (citing *Bretz*, 773 F.2d at 1028).

### a.  *First Clause*

The first clause of Section 1985(2) does not apply to Plaintiff's complaint, because "[S]ection 1985(2) only prohibits interference with the federal judicial system." *Carter v. Church*, 791 F. Supp. 298, 300 (M.D. Ga. 1992); *accord Bowie v. Maddox*, 642 F.3d 1122, 1132 (D.C. Cir. 2011). "The E.E.O.C., an administrative agency, is not a part of the federal judicial system." *Carter*, 791 F. Supp. 298 at 300. In *Carter*, "plaintiff contend[ed] that defendants conspired to harass and intimidate her witness . . . to prevent her from fully cooperating with the E.E.O.C." *Id.* The court dismissed the claim, then denied reconsideration, because the alleged interference had nothing to do with the federal courts. *Id.* at 300–01. Similarly here, Plaintiff alleges a conspiracy only with regard to his administrative EEO complaint. *See* Dkt. No. 66 ¶¶ 82, 95. An administrative EEO complaint does not fall under the umbrella of the federal judicial system, so the first clause of Section 1985(2) is inapplicable. *See* <u>Petricevic v. Shin</u>, No. C20-283, 2020 WL 13855975, at *5 (D. Haw. Sept. 25, 2020) ("administrative proceedings do not constitute proceedings 'in any court of the United States' for purposes of Section 1985(2)"); *Foster v. Pall Aeropower Corp.*, 111 F. Supp. 2d 1320, 1323 (M.D. Fla. 2000) ("Section 1985(2) does not afford protection against conspiracies to obstruct justice in administrative proceedings, even obstructions occurring in federal agencies such as . . . the Equal Employment Opportunity Commission.").

### b.  *Second Clause*

Plaintiff's claim of obstruction of justice also fails under the second clause of Section 1985(2), because Plaintiff does not allege that Defendants' alleged misconduct was motivated by

ORDER ON PARTIAL MOTION TO DISMISS - 10

discriminatory intent. "[C]lass-based animus is an essential part of a cause of action under the second clause of § 1985(2)." *Bretz*, 773 F.2d at 1028. Plaintiff asserts that he "was previously diagnosed with schizoaffective disorder," which the Court construes liberally as Plaintiff's assertion that he has a disability, as that term is defined in the Americans with Disabilities Act and Rehabilitation Act. Dkt. No. 66 ¶ 15; *see* 42 U.S.C. § 12102; 29 C.F.R. § 1630.2(g). But Plaintiff's allegations of conspiracy do not assert that Defendant Revature "ma[de] several deliberately false and misleading statements" to the EEOC *because* Plaintiff is disabled, nor do they imply or suggest as much. *See* Dkt. No. 66 ¶ 82. In his opposition to Defendants' motion, Plaintiff asserts that "class-based animus [is] evident throughout [the] Complaint" but concedes that he has not alleged as much in the actual pleading. Dkt. No. 73 at 8. This concession is fatal to the claim, because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). The Court cannot construe unpleaded conclusions as well-pleaded facts. Class-based animus is *not* evident throughout the Amended Complaint, and Plaintiff's claim is therefore deficient.

In sum, the second clause of Section 1985(2) is inapplicable here. *See Pendleton v. City of Spokane Police Dep't*, No. C18-245, 2019 WL 320581, at *10 (E.D. Wash. Jan. 24, 2019) (dismissing Section 1985 claim where court was "unable to infer racial animus from the facts presented).

**2.      Section 1985(3)**

"The four elements of a claim under § 1985(3) are: (1) a conspiracy; (2) undertaken to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an overt act in furtherance of the conspiracy; and (4) injury to a plaintiff's person, property, or other protected rights." *Emanuel Displaced Persons Ass'n 2 v. City of Portland*, 704

F. Supp. 3d 1088, 1106 (D. Or. 2023) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983)). "Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)). Here, as is the case with Plaintiff's claim under the second clause of Section 1985(2), Plaintiff has failed to plead facts that indicate class-based animus. Therefore, Plaintiff has not sufficiently pleaded a claim under Section 1985(3). *See supra* Section III.D.1.b; *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929–30 (9th Cir. 2004) (affirming dismissal of Section 1985 claim where "complaint [was] devoid of any discussion of an agreement amongst the [defendants] to violate [plaintiff's] constitutional rights").

### 3. Section 1986

The deficiencies in Plaintiff's Section 1985 claims, *see supra* Sections III.D.1 and III.D.2, preclude him from pleading a Section 1986 claim. "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Therefore, Plaintiff's Section 1986 claim cannot be sustained.

Therefore, Plaintiff's claim for conspiracy to obstruct justice and interfere with civil rights is DISMISSED.

### E. Dismissal With and Without Prejudice

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1058 (9th Cir.

2011). But "a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012).

Here, because Plaintiff's defamation and false light claims are predicated on absolutely privileged statements, these claims cannot be salvaged. Therefore, Plaintiff's fifth cause of action is DISMISSED WITH PREJUDICE. However, Plaintiff's civil rights conspiracy claim is potentially viable with the inclusion of additional facts. Therefore, Plaintiff's sixth cause of action is DISMISSED WITHOUT PREJUDICE, with leave to refile. But as the Court has previously allowed Plaintiff an opportunity to amend his complaint, this will be the final opportunity to amend that the Court provides to Plaintiff.

### IV. CONCLUSION

Accordingly, Defendants' partial motion to dismiss (Dkt. No. 72) is GRANTED. It is hereby ORDERED:

(1) Plaintiff's fifth cause of action, for defamation and false light, is DISMISSED WITH PREJUDICE;

(2) Plaintiff's sixth cause of action, for conspiracy to obstruct justice and interfere with civil rights, is DISMISSED WITHOUT PREJUDICE;

(3) Should Plaintiff opt to file a second amended complaint, he SHALL do so **no later than May 27, 2025.**

Dated this 24th day of April 2025.

Tana Lin
United States District Judge