UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOCHEN E. PENDLETON,<br><br>       Plaintiff,<br> v.<br><br>REVATURE LLC et al.,<br><br>       Defendant. | CASE NO. 2:22-cv-01399-TL<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 90) |

   This matter comes before the Court on United States District Judge Tana Lin's denial (Dkt. No. 90) of Plaintiff's motion for her recusal (Dkt. No. 85). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Lin's decision not to recuse.

   Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff's case has been pending for three years and has a complex procedural history. A more complete recitation of the procedural history is contained in Judge Lin's order denying recusal. (*See* Dkt. No. 90.) In sum, Plaintiff brought this employment discrimination case against his employer Revature LLC and nine individuals who are/were employed by Revature. (Dkt. No. 66.) Plaintiff brings a myriad of claims pursuant to the Americans With disabilities Act, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, the Civil Rights Act of 1871, the Washington Law Against Discrimination, and various Washington tort law and contract law claims. (*Id.*) Judge Lin dismissed Plaintiff's claim for defamation and false light, and conspiracy to obstruct justice and interfere with civil rights. (Dkt. No. 80.) Thereinafter, Plaintiff filed the present Motion to Recuse. (Dkt. No. 85.)

Plaintiff's Motion to Recuse (Dkt. No. 85) does not identify bias or prejudice derived from an extrajudicial source. *See Agha-Khan*, 2022 WL 501564, at *1. Rather, Plaintiff takes issue with Judge Lin's Order on Plaintiff's Anonymity (Dkt. No. 50), Order Denying Plaintiff's Second Motion to Amend (Dkt. No. 61, *amended* Dkt. No. 63), Order granting Defendants'

Motion for extension of time (Dkt. No. 70), and Order granting Defendants' Motion to Dismiss (Dkt. No. 80). (Dkt. No. 85.) Judge Lin's prior adverse rulings cannot serve as a basis for Plaintiff's motion to recuse. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Plaintiff also alleges Judge Lin has demonstrated "deep-seated favoritism or antagonism" in her rulings on Plaintiff's motion to amend the complaint. (Dkt. No. 85 at 6.) Plaintiff characterizes Judge Lin's order as expressing "annoyance" and as improperly chastising Plaintiff for his efforts to amend his complaint. (*Id.*) However, a judge's remarks in an order "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555.

Plaintiff further alleges Judge Lin has demonstrated "deep-seated favoritism" and "personal bias" because Judge Lin has "refused" to rule on Plaintiff's Motion to Compel Verified Responses to Discovery. (Dkt. No. 85 at 8.) Plaintiff's motion is noted for May 15, 2025. (Dkt. No. 79.) Judge Lin identified that in accordance with Local Rule 7(b)(5), the court attempts to rule within in thirty days following the noting date. (Dkt. No. 90 at 9.) But that the court has been unable to rule on Plaintiff's motion due to the court's caseload. (*Id.*) Judge Lin further identified the court is not refusing to rule on Plaintiffs motion, but it simply has been unable to reach it. (*Id.*) Judge Lin's delay in ruling on Plaintiff's motion is not grounds for recusal. *See e.g., Collins v. Tenorio*, Case No. CV–08–430–PHX–ROS, 2008 WL 5225805 at *2 (D. Ariz. Dec. 15, 2008) (Noting that it may be possible to construct hypotheticals in which extreme delay

in ruling on a motion "might be partial evidence of bias that would mandate recusal or disqualification", but that a relatively brief delay would not give rise to an inference of bias.).

Finally, Plaintiff argues Judge Lin violated the Code of Judicial Conduct by ignoring that "Defendants have now repeatedly acted in bad faith in this Court[.]" (Dkt. No. 85 at 9.) As noted by Judge Lin, determining "'whether the Court has been misled about something is for the Court to conclude, not a party.'" (*Id.*) (quoting Dkt. No. 70 at 3.) Plaintiff's belief that an opposing party has engaged in bad faith conduct is not grounds for recusal.

Accordingly, the Court AFFIRMS Judge Lin's denial of Plaintiff's motion for recusal. (Dkt. No. 90.)

Dated this 11th day of August, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 90) - 4