UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOCHEN E. PENDLETON,

                Plaintiff,

     v.

REVATURE LLC et al.,

                Defendants.

CASE NO. 2:22-cv-01399-TL

ORDER ON MOTION TO COMPEL

This matter is before the Court on Plaintiff's Motion to Compel Verified Responses to Discovery Requests. Dkt. No. 79. Having reviewed Plaintiff's motion, Defendants' response (Dkt. No. 81), Plaintiff's reply (Dkt. No. 84), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

## I.    BACKGROUND

This is a discovery dispute in an employment-discrimination action. *See generally* Dkt. No. 66 (amended complaint); Dkt. No. 77 (joint status report) at 1–2. Plaintiff is Jochen E. Pendleton, formerly a resident of Seattle, Washington. Dkt. No. 66 ¶ 3. Defendants are Revature

ORDER ON MOTION TO COMPEL – 1

LLC ("Revature"), a Virginia company, and nine former Revature employees—Harvey Hill, Sophia Gavrila, Chedro Cardenas, Julie Seals, Benjamin Keeler, Olivia Kane, Ola Ogunsanya, Jalisa Johnson, and Adrienne Bouleris. *Id.* ¶¶ 4, 6–14. During the time period relevant to this complaint—between August 23, 2021, and March 22, 2022—Plaintiff was an Associate Software Developer at Revature. *Id.* at 1. Plaintiff alleges that during his employment with Revature, "his ADA [Americans with Disabilities Act] protected medical information was improperly disclosed among supervisors, leading to pervasive harassment and discrimination which the company refused to respond to for over two months, eventually terminating Plaintiff after he reported it in writing." *Id.* at 1–2. Plaintiff further alleges that "the[] individual Defendants then engaged in a conspiracy to obstruct justice by defaming Plaintiff and deliberately misleading the EEOC [Equal Employment Opportunity Commission]." *Id.* at 2.

On February 28, 2025, Plaintiff propounded discovery requests to Defendants Revature, Bouleris, Johnson, Ogunsanya, Gavrila, Cardenas, and Seals. Dkt. No. 79 at 1. Plaintiff sent the discovery requests to Defendants' counsel via email. *Id.* at 1–2. On March 4, 2025, Plaintiff sent hard copies of the requests through the mail via Canada Post; these were delivered on March 14, 2025. *Id.* at 2. In total, Plaintiff propounded 10 sets of discovery: one set of requests for production to Defendant Revature; seven sets of requests for admission to Defendants Revature, Bouleris, Seals, Ogunsanya, Johnson, Cardenas, and Gavrila; and two sets of interrogatories to Defendants Gavrila and Johnson. *Id.*; *see* Dkt. No. 79-1 (Ex. A) at 2.

On March 28, 2025, and March 31, 2025, Defendants responded to Plaintiff's requests via email. Dkt. No. 79 at 2. Plaintiff describes Defendants' responses as "blanket denials and assertions of privilege to requests for admissions from all the aforementioned Defendants"; as "responses to interrogatories from Defendants JOHNSON and GAVRILA, neither of which were properly verified 'under oath' as required by Fed.R.Civ.P. 33(b)(3)"; and as "responses to

requests for production of documents which, upon inspection, make it clear that many of the answers Defendants gave to written discovery are plainly untrue." *Id.*

On April 24, 2025, Plaintiff filed the instant motion. Dkt. No. 79. Plaintiff does not seek to compel production *per se*. Rather, Plaintiff requests that the Court order Defendants to: (1) attest to the veracity of their discovery responses "under oath and *in person*"; (2) declare "under penalty of perjury" that their responses to the requests for production are "complete"; and (3) enter into a formal agreement with Plaintiff regarding electronic service. *Id.* at 11. Additionally, Plaintiff requests that the Court impose sanctions on Defendants' counsel. *Id.* On May 9, 2025, Defendants responded to Plaintiff's motion (Dkt. No. 81), and on May 14, 2025, Plaintiff replied (Dkt. No. 84).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the burden of establishing that its requests are relevant. Fed. R. Civ. P. 26(b)(1). But "[t]he party opposing discovery bears the burden of resisting disclosure." *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 298 F.R.D. 633, 637 (S.D. Cal. 2014).

## III.    DISCUSSION

Plaintiff makes four specific demands in his motion: (1) that "Defendants' responses to all interrogatories and requests for admission be sworn under oath and *in person*"; (2) that Defendants' "responses to requests for production of documents be declared complete under penalty of perjury"; (3) that "discovery requests may be served on opposing counsel at any email address registered with the Court's ECF system"; and (4) that sanctions be imposed "on

opposing counsel by the day, starting April 4, until verified interrogatories are delivered." Dkt. No. 79 at 11. The Court will address these in turn.

**A.     Verification of Interrogatories**

Under Federal Rule of Civil Procedure 33, an "interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). A respondent can satisfy these requirements by attesting to the veracity of their answers "under penalty of perjury." *See* 28 U.S.C. § 1746; *Shepard v. Quillen*, 840 F.3d 686, 687 n.1 (9th Cir. 2016) (holding that, under 28 U.S.C. § 1746, "unsworn statements are admissible as long as attested to under penalty of perjury").

Plaintiff asserts that Defendants' responses to his interrogatories do not comply with the oath requirement of Rule 33, and he requests that the Court require that Defendants' responses to interrogatories "actually be sworn in front of a clerk or notary public." Dkt. No. 79 at 4. According to Plaintiff, "this is the only way to ensure delivery of authentic responses from the Defendants themselves." *Id.* Defendants counter that "[n]owhere in FRCP 33 or its commentary is there any reference or requirement for in-person signature before a court clerk or notary public." Dkt. No. 81 at 7. Defendants assert that Defendants have "signed their verifications by DocuSign, which is a verifiable, reliable and well-established method for signing legal documents." *Id.*

Both Parties are partly correct. Here, individual Defendants, purportedly "being duly sworn upon oath," verified that their "answers and responses [to interrogatories] [were] true and correct to the best of [their] knowledge and belief." *E.g.*, Dkt. No. 82-1 (O'Connor Decl.) at 10 (Gavrila Verification Page), 18 (Johnson Verification Page). But Defendants "g[ave] no indication (such as a jurat or notary seal) that someone administered an oath." *El-Shawary v.*

*U.S. Bank Nat'l Ass'n*, No. C18-1456, 2021 WL 5177574, at *3 (W.D. Wash. Nov. 8, 2021). Nor "d[id] [Defendants] certify [their] statements under penalty of perjury as needed to substantially comply with 28 U.S.C. § 1746." *Id.* Therefore, Defendants have not adequately verified their responses pursuant to Rule 33(b)(3).[1]

Even so, Plaintiff's assertion that the "only" way that Defendants can properly verify their interrogatory responses is to swear an oath "in front of a clerk or notary public" (Dkt. No. 79 at 4) is not an accurate recitation of the law. As discussed above, and as held by the court in *El-Shawary*, it is acceptable that Defendants attest to the truth of their responses "under penalty of perjury," as provided by 28 U.S.C. § 1746. *El-Shawary*, 2021 WL 5177574, at *3; *see also Vaughn v. Wegman*, No. C15-1902, 2018 WL 1412952, at *1 n.1 (E.D. Cal. Mar. 21, 2018) (instructing a respondent that he "should simply write out on a separate piece of paper that his responses to [interrogatories] are true and correct and should thereafter sign it underneath the statement 'I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'").

Therefore, to the extent that Plaintiff seeks adequate verification of Defendants' interrogatory responses, Plaintiff's motion to compel is GRANTED. Defendants SHALL provide Plaintiff with interrogatory responses that substantially comply with Federal Rule of Civil Procedure 33 within seven (7) days of this Order. Notarized oaths, however, are not required, nor are "wet signatures."

---

[1] Under Local Civil Rule 11(a)(4), the Court accepts an electronic DocuSign signature as an acceptable "name or mark" of the signer. Just because the signature is legitimate, however, does not mean that the statement to which it has been affixed meets the requirements of 28 U.S.C. § 1746.

**B.      Verification of Responses to Requests for Admission**

Rule 36, which governs requests for admission, does not require that answers to requests for admission be sworn. Indeed, such a requirement was abolished in 1970. *See* Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. It is therefore sufficient that an answer be "signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Plaintiff asserts that "most" of Defendants' responses to his requests for admission are "deficient because they are either incomplete or untruthful." Dkt. No. 79 at 4. However, Plaintiff has not filed a "motion regarding the sufficiency of an answer or objection" under Rule 36(a)(6); he has filed a motion to compel under Rule 37, and he is not requesting that the Court order Defendants to supplement their responses or deem admitted any of his specific requests. That is, Plaintiff does not identify any specific requests for which the Court should order "either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). Rather, the relief Plaintiff seeks is to have the Court compel Defendants to produce "verif[ied] answers to requests for admissions 'duly sworn upon oath' in front of someone 'authorized to administer an oath.'" Dkt. No. 79 at 7. Such a request is inappropriate, as "nothing in Fed. R. Civ. P. 36 requires responses to requests for admission [to] be verified/under oath." *Rohner v. SF Mkts., LLC*, No. C20-3733, 2021 WL 4704713, at *4 n.6 (C.D. Cal. May 5, 2021); *see Silva v. Sanders*, No. C21-472, 2021 WL 5882028, at *1 (W.D. Wash. Dec. 13, 2021) (declining to compel defendant to provide "responses to Plaintiff's Requests for Admission that are signed under oath," because Rule 36 does not require as much).

Therefore, Plaintiff's request that the Court order Defendants to provide verified responses—or, alternatively, responses that have been sworn under oath—to his requests for production is DENIED.

## C.    Verification of Responses to Requests for Production

Under Rule 34, which governs requests for production, there is no requirement that a responding party verify the completeness of their response or describe the efforts they took to locate responsive records or other "designated tangible things." *See Rohner*, 2021 WL 4704713, at *4 n.6 (denying similar request because "nothing in Fed. R. Civ. P. 34 requires responses to document requests to be verified/under oath").

Plaintiff requests that the Court "order verified declarations from any party producing documents that their response is complete to the best of their knowledge." Dkt. No. 79. Plaintiff insists that "[t]here are many missing documents that are known to exist but have not been produced." Dkt. No. 79 at 7. This is different from what Plaintiff asserted in his meet-and-confer emails with Defendants' counsel, where he characterized the purportedly missing documents as materials that "implicitly should exist." Dkt. No. 79-1 at 37. For their part, Defendants assert that they have "provided substantive responses to all written discovery requests served by Plaintiff," including "835 pages of discovery documents and various videos related to trainings referenced in the Amended Complaint." Dkt. No. 81 at 3. To the extent that these do not represent all responsive, non-privileged documents in Defendants' possession, Defendants assert that they "continue[] to search for other potentially responsive information." *Id.* If and when such materials are located, "[D]efendants will timely supplement their discovery production." *Id.*

"[T]he Court in such disputes must accept representations made by the parties, including the producing party, until such time as those representations are shown to be false or unfounded." *ExxonMobil Oil Corp. v. S. Cal. Edison Co.*, No. C12-10001, 2014 WL 12629699, at *4 (C.D. Cal. May 14, 2014). Plaintiff's motion has not shown as much. The gulf between "implicitly should exist" and "known to exist" is vast, and Plaintiff does not explain why he has described the purportedly missing records as the former to Plaintiffs, but as the latter to the

ORDER ON MOTION TO COMPEL – 7

Court. Moreover, if Plaintiff does indeed "know[]" that certain responsive documents exist, it is not clear why Plaintiff has not taken steps to compel their production under Rule 37(a)(3)(B)(iv). The intermediate step of asking the Court to order Defendants to verify the completeness of their responses—verification which, as discussed above, is not necessary under Rule 34—is an unnecessary use of the Court's limited resources that does not address his underlying concerns about completeness. After all, in Defendants' response to Plaintiff's motion, Defendants' counsel represents to the Court that Defendants "timely served substantive responses, limited objections, and produced the responsive documentation found through March 31, 2025." Dkt. No. 81 at 8. Defendants' counsel signed the response, thereby attesting to the truth of its content. *Id.* at 10; *see* Fed. R. Civ. P. 11(b); LCR 11(a)(6)(A)(i). In other words, what Plaintiff seeks has already been provided to the Court.

Given that the deadline to complete discovery in this matter is April 24, 2026 (Dkt. No. 78 (scheduling order) at 1), the Court will take at face value Defendants' representation that their search for responsive records is ongoing, and that "supplementation w[ill] occur when and if additional responsive documents [are] located." Dkt. No. 81 at 9. Should a disagreement over the completeness of Defendants' responses to Plaintiff's requests for production persist, Plaintiff may file a substantive motion to compel, in accordance with the requirements of Local Civil Rule 37 and Federal Rule of Civil Procedure 37.

As an additional matter, the Court is confused by what Defendants represent as Plaintiff's declining their offer of a privilege log. *See* Dkt. No. 81 at 8. A privilege log, by definition, "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim [of privilege]." Fed. R. Civ. P. 26(b)(5)(A)(ii). In admitting that such a privilege log exists, Defendants have conceded that they

have withheld documents that, but for an assertion of privilege, would be responsive to Plaintiff's requests. In refusing to examine it, Plaintiff has not "assess[ed Defendants'] claim" and has instead leapt straight to the conclusion that Defendants are "hid[ing] the ball" (Dkt. No. 79 at 7) and acting "evasive[ly]" (*id.* at 8). Defendants' counsel's declaration indicates that the Parties did not discuss privilege at their April 24, 2025, meet-and-confer, beyond Defendants' "offer[ing] Plaintiff a privilege log of the very limited privileged documents or privileged redactions that were withheld, [which] Plaintiff refused." Dkt. No. 83 ¶ 10. In light of the dispute regarding the verification of the completeness of Defendants' production, such refusal rendered the meet-and-confer incomplete. *See Markson v. CRST Int'l, Inc.*, No. C17-1261, 2021 WL 4027515, at *2 (C.D. Cal. June 30, 2021) (finding that parties "failed to sufficiently meet and confer" where they did not discuss defendant's privilege log prior to plaintiffs' filing a motion to compel production). The Court will not resolve this facet of the discovery dispute until the Parties have attempted to resolve it themselves. *See* LCR 37(a)(1).

**D.      E-Service Agreement**

Plaintiff requests that the Court order "that service be recognized upon any ECF registered email address for opposing counsel . . . ." Dkt. No. 79 at 9. Defendants counter that this "request is improper and unnecessary," because it "is outside the scope of a motion to compel discovery." Dkt. No. 81 at 9. Irrespective of the propriety of such a request, it does not appear that the Court's intervention is entirely necessary on this issue; Defendants have demonstrated their responsiveness to documents that Plaintiff has sent to them via email. Defendants' counsel avers that Plaintiff served discovery requests via email on February 28, 2025. Dkt. No. 82 ¶ 3. They were clearly received, as Defendants responded on March 28, 2025, and March 31, 2025. *Id.* ¶ 4. Whether or not electronic transmission of these documents was effected pursuant to a formal agreement, the Parties' current arrangement facilitated Plaintiff's

ORDER ON MOTION TO COMPEL – 9

service of discovery requests, Defendants' responses to those requests, and significant communications regarding the sufficiency of the responses.

Even so, the Court recognizes that the Federal Rules authorize service "by . . . electronic means that the [Parties] *consented to in writing*." Fed. R. Civ. P. 5(b)(2)(E) (emphasis added). Therefore, the Parties SHALL formalize their electronic-service arrangement by memorializing it in writing.

**E.    Sanctions**

The Court finds sanctions against Defendants or Defendants' counsel to be unwarranted. In light of Defendants' representation that Plaintiff refused Defendants' "offer[] to add 'under penalty of perjury' [to] each discovery verification page" (Dkt. No. 83 ¶ 7)—an addition that would have brought Defendants' interrogatory responses into compliance with Rule 33 and cured the only deficiency that Plaintiff's motion sufficiently alleges—awarding expenses to Plaintiff would be "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). And with respect to 28 U.S.C. § 1927, under which a court may impose sanctions "against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced," *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000), Defendants have not litigated vexatiously and have not clogged the docket with profligate, unnecessary motion practice. Sanctions for "multipl[ying] the proceedings," 28 U.S.C. § 1927, are inappropriate here.

Therefore, Plaintiff's request for sanctions is DENIED.

\*    \*    \*

Finally, "the Court reminds the Parties . . . that they are engaged in *civil* litigation, and the Court urges all involved to conduct themselves accordingly." *Thompson v. Seattle Public Schs.*, No. C25-468, 2025 WL 1837693, at \*9 (W.D. Wash. July 3, 2025); *see also BBK Tobacco & Foods LLP v. Skunk Inc.*, No. C18-2332, 2020 WL 5237270, at \*8 n.3 (D. Ariz. Sept. 2, 2020)

("Under no circumstances should an attorney knowingly lie to a Court; and conversely no attorney should make such a serious accusation as a matter of hyperbole or exaggeration."). Plaintiff's assertion that Defendants' "attorneys have disgraced themselves and their chosen profession" (Dkt. No. 84 at 2) is inflammatory and unhelpful, as is his statement that "[t]o allow responses to written discovery to pass through the hands of any attorney for Defendant Revature LLC would be to invite further fraud" (*id.* at 4). Generally impugning each other's professionalism and integrity does not persuade the Court of the merits of the Parties' respective positions. Zingers tend not to improve briefing.

"Discovery between parties should be cooperative and largely unsupervised by the district court." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310–11 (C.D. Cal. 2020) (citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219–20 (9th Cir. 2018)). The Court's ruling herein resolves only those limited questions framed in Plaintiff's motion to compel, and Plaintiff "anticipate[s]" filing further motions to compel and seeking "*in camera* review of attorney-client communications." Dkt. No. 79 at 10. The Court notes that the Parties stated in their joint status report that they: (1) "will strive to avoid the need for judicial intervention on discovery related matters"; and (2) "intend to work together cooperatively to complete all necessary discovery in an orderly and expeditious matter." Dkt. No. 77 at 3. The Court takes such assertions seriously and strongly advises the Parties to cooperate with one another. Every time the Court's intervention into an ancillary issue is sought, the case is delayed, and the Parties are led astray from the substantive issues at hand.

## IV.    CONCLUSION

Plaintiff's Motion to Compel (Dkt. No. 79) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

ORDER ON MOTION TO COMPEL – 11

(1)    Defendants SHALL provide Plaintiff with interrogatory responses that substantially comply with the oath requirement of Federal Rule of Civil Procedure 33(b)(3) or are properly verified under 28 U.S.C. § 1746, **no later than August 18, 2025.**

(2)    The Parties SHALL formalize their electronic-service arrangement by memorializing it in writing.

Dated this 11th day of August 2025.

Tana Lin
United States District Judge

ORDER ON MOTION TO COMPEL – 12