1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOCHEN E. PENDLETON,

                   Plaintiff,

      v.

REVATURE LLC et al.,

                  Defendants.

CASE NO. 2:22-cv-01399-TL

SECOND ORDER AFFIRMING
DENIAL OF RECUSAL (DKT. NO.
97)

       This matter comes before the Court on United States District Judge Tana Lin's denial
(Dkt. No. 97) of Plaintiff's second motion for her recusal (Dkt. No. 95). Local Civil Rule 3(f)
provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to
28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily
recuse" herself, she must "direct the clerk to refer the motion to the chief judge." Plaintiff's
motion for recusal seeks relief under 28 U.S.C. § 455(b)(1). (Dkt. No. 95 at 1.) Accordingly,
this Court now reviews Judge Lin's decision not to recuse.

1    Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C § 455.  Recusal is

2    required if the judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see*

3    *also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry

4    focused on the appearance of impartiality.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.

5    1992).  Recusal is also required in specific situations, including where the judge "has a personal

6    bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

7    concerning the proceeding."  *Id*.  Such bias or prejudice must derive from more than standard

8    disagreements with court rulings.  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

9    Plaintiff's Complaint alleges a myriad of claims, both at the federal and state level.  (Dkt.

10    No. 5.)  On July 18, 2023, Judge Lin denied Plaintiff's request to proceed anonymously.  (Dkt.

11    No. 50.)  On October 29, 2024, Plaintiff filed a motion to amend.  (Dkt. No. 57.)  On December

12    16, 2024, Judge Lin denied Plaintiff's motion to amend.  (Dkt. No. 61, *amended* Dkt. No. 63.)

13    Judge Lin then allowed Plaintiff to file an amended complaint.  (Dkt. No. 65.)  Plaintiff filed an

14    Amended Complaint on January 16, 2025.  (Dkt. No. 66.)  Parties then proposed a discovery

15    timeline (Dkt. No. 67), before Defendants filed a motion for extension of time (Dkt. No. 68.)

16    Judge Lin granted Defendants' Motion.  (Dkt. No. 70.)  On February 20, 2025, Defendants filed

17    a motion to dismiss part of Plaintiff's Amended Complaint.  (Dkt. No. 72.)  Judge Lin granted

18    this motion on April 24, 2025.  (Dkt. No. 80.)  Judge Lin gave Plaintiff over one month to amend

19    his complaint.  (*Id*.)  Plaintiff did not file an amended complaint in this time frame.

20    On July 16, 2025, Plaintiff filed a motion for recusal.  (Dkt. No. 85.)  On July 28, 2025,

21    Judge Lin denied Plaintiff's motion for recusal.  (Dkt. No. 90.)  On August 11, 2025, this Court

22    affirmed Judge Lin's denial of Plaintiff's motion for recusal.  (Dkt. No. 91.)  On August 15,

23

24

1    2025, Plaintiff moved to amend his complaint for good cause.  (Dkt. No. 93.)  On August 19,

2    2025, Plaintiff filed a second motion for recusal.  (Dkt. No. 95.)

3         First, Plaintiff alleges that Judge Lin is listed in his proposed Second Amended

4    Complaint.  (*Id.* at 1.)  However, the Ninth Circuit has held recusal is not required when a litigant

5    sues or threatens to sue a judge.  *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see*

6    *also Murray v. Supreme Court of Washington*, 3:25-cv-05074-DGE, 2025 WL 1382892, at *1

7    (W.D. Wash. May 2025).

8         Second, Plaintiff raises concerns with the fact Judge Lin issued an order on Plaintiff's

9    motion to compel the same day as this Court's order affirming her denial of Plaintiff's first

10   motion to recuse.  (Dkt. No. 95 at 1.)  Plaintiff appears to allege collusion in the form of "ex

11   parte communication and prior agreements."  (*Id.* at 1–2.)[1]

12        Plaintiff makes no specific allegations as to any unlawful communications between this

13   Court and Judge Lin.  However, ex parte communication refers only to communications between

14   a judge and a party and not between two judges.  *See Grzeslo v. Sauzo*, 1:21-cv-01371-JLT-EG,

15   2023 WL 35979, at *1 (E.D. Cal. Jan. 2023).  Moreover, no prior agreements existed between

16   Judge Lin and this Court.  The fact this Court's order affirming the denial of the first motion to

17   recuse (Dkt. No. 91) and Judge Lin's order on Plaintiff's motion to compel (Dkt. No. 92) were

18   granted on the same day reflects only a widespread policy that favors first resolving motions to

19   recuse before ruling on any pending motions.  *See Raiser v. City of Temecula*, 5:17-cv-00217-

20

21   _____

[1] Plaintiff cites *Beard v. Udall*, 648 F.2d 1264 (9th Cir. 1981) for the proposition that the Ninth

22   Circuit has "found that ex parte communication and prior agreements are nonjudicial acts from
     which judges have no immunity."  (*Id*.)  However, *Beard* was overruled by *Ashelman v. Pope*,

23   793 F.2d 1072, 1078 (9th Cir. 1986) (holding that even improper communication between a
     judge and prosecutor "does not pierce the immunity extended to judges and prosecutors").  This

24   case is therefore no longer good law.

RGK-RAO, 2020 WL 10622575, at *3 (C.D. Cal. Jan. 2020) (requiring motion to recuse be disposed of before other motions addressed); *Johnson v. United States*, No. C-10-00647 LB, 2011 WL 2709871, at *1 (N.D. Cal. July 2011) (ruling on motion to recuse before immediately addressing other motions).

Finally, Plaintiff requests a judge be appointed from outside this district with "no personal or professional ties to the parties or witnesses." (Dkt. No. 95 at 2.) Plaintiff does not allege any ties between the presiding judge and any party or witness to this case. Moreover, removing a case outside a district is only appropriate in incredibly rare circumstances. *See Clemens v. U.S. Dist. Court for the Central Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (declining to remove a case from a district when only three judges were the victims of a threat).

Accordingly, the Court AFFIRMS Judge Lin's denial (Dkt. No. 97) of Plaintiff's second motion for recusal. (Dkt. No. 95.)

Dated this 27th day of August, 2025.

David G. Estudillo
United States District Judge